UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RODNEY PARKER                              CIVIL ACTION

VERSUS                                     NO. 04-3306

DIAMOND OFFSHORE COMPANY, ET AL            SECTION "R" (5)


**ORDER**

Defendant has filed an objection to the Magistrate's denial of defendant's motion to compel. For the following reasons, the Court AFFIRMS the Magistrate's decision.

**I.   FACTUAL BACKGROUND**

Plaintiff Rodney Parker filed this claim against defendants Diamond Offshore Drilling and Diamond Offshore Management Company under the Jones Act. Parker alleges that he injured his left knee on or about November 1, 2002, due to the negligence of the defendants and/or the unseaworthiness of the ship, "Ocean Saratoga," on which he served as a roughneck. Following the injury, Diamond's claims department scheduled an appointment for Parker with Dr. Brian Bourgeois at the Occupational Medical

Center.  Dr. Bourgeois diagnosed Parker with a medial collateral ligament strain.  Dr. Bourgeois referred Parker to an orthopedist, Dr. Fernando Sanchez.  Jimmy Robicheaux, Diamond's Claims Manager, approved the referral and paid Dr. Sanchez' bills.  Dr. Sanchez saw Parker on seventeen separate occasions and performed an arthroscopic procedure on Parker on February 18, 2003, all of which was paid for by Diamond.  Parker later saw Dr. Lawrence Line, an arthroscopy and sports medicine specialist, though there is a dispute between the parties as to how much involvement Diamond had in this decision.  Dr. Line diagnosed atrophy of Parker's quadriceps, though he was unable to determine its source.  He ultimately sent Parker back to Dr. Sanchez.  Parker eventually saw Dr. John Clark, a physical medicine and rehabilitation specialist, on August 22, 2005.  Dr. Clark diagnosed severe chronic knee problems and suggested that Parker will likely require a complete knee replacement when he reaches his late 50s or early 60s.

On January 3, 2006, defendants moved to compel Parker to undergo a court-ordered independent medical examination as contemplated by Rule 35(a) of the Federal Rules of Civil Procedure.  Parker opposed the motion.  The Magistrate Judge, in a Minute Entry of January 18, 2006, denied the motion, stating simply that "[t]he Court declines to interject another orthopedist into this case given the fact that plaintiff was

treated by Dr. Sanchez at the direction of the defendants."  (R. Doc. 61).

## II.  LEGAL STANDARD

A magistrate judge may hear and determine any pretrial matter pending before a district court. 28 U.S.C. § 636(b)(1). Federal law affords a magistrate judge broad discretion in the resolution of nondispositive pretrial matters.  *See* Fed. R. Civ. P. 72(a).  In a nondispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision can demonstrate that the determination was clearly erroneous or contrary to the law. *Id.; see also Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995).

Rule 35(a) of the Federal Rules of Civil Procedure provides:

> [w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown.

Fed. R. Civ. P. 35(a).  Thus, there is a two-part test for determining whether the motion will be granted.  First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964).  The party seeking an examination has the burden to show

that the examinee's condition is in controversy and that good cause exists for each particular examination. *Id*. at 118-19. Rule 35 does not limit the number of examinations a party may be required to undergo. *Jackson v. Entergy Operations*, *Inc.*, 1998 WL 28272, at *2 (E.D. La. 1998); *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992). "Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances underlying the request." *Jackson*, 1998 WL 28272, at *2.

Although Rule 35 permits more than one examination, its use should not give rise to an appearance that any party is being permitted by the Court to shop for examiners in the same field of expertise until the most favorable one is located. Thus, where "the moving party has already made an examination in the past, . . . the court will require a stronger showing of necessity before it will order repeated examinations." *Case v. JFP Offshore, Inc.*, 1996 WL 210720 (E.D. La. 1996) (*quoting* 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2234 at 475).

**III. DISCUSSION**

Defendants assert that they have a right under Rule 35(a) to have plaintiff seen by an independent medical examiner. This

assertion is facially incorrect, as the above discussion shows. If the moving party does not show good cause for such an examination, the Court should deny the motion.  Here, the Magistrate Judge found that because plaintiff had already been examined by four doctors, including Dr. Sanchez at the direction of defendants, another examination was not justified.  Dr. Sanchez was recommended by Dr. Bourgeois, to whom defendants initially sent Parker.  Diamond's claims manager approved the referral and paid Dr. Sanchez' bills.  That the most recent doctor to examine Parker disagreed with Dr. Sanchez' evaluation does not, by itself, require another examination as a matter of law.  Defendants' arguments as to the policies underlying an appropriate application of Rule 35(a) do not establish that the Magistrate's ruling was clearly erroneous as a matter of law. The decision to deny the motion was well within the discretion of the Magistrate.

**IV.   CONCLUSION**

For the preceding reasons, the Court finds that the Magistrate's decision to deny the motion to compel was not

clearly erroneous and is thus AFFIRMED.

New Orleans, Louisiana, this __21st__ day of March, 2006.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE