```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


RODNEY PARKER                              CIVIL ACTION

VERSUS                                     NO. 04-3306

DIAMOND OFFSHORE COMPANY, ET AL            SECTION "R" (5)
```

### ORDER

Defendants have filed a motion to exclude or limit the testimony of Neal Adams, plaintiff's proffered expert. Plaintiff has filed a motion to exclude the testimony of V.R. "Hoss" Ramke, defendants' proffered expert. For the following reasons, the Court GRANTS both motions as to portions of both experts' proffered reports and testimony and DENIES both motions as to other portions.

### I.   FACTUAL BACKGROUND

Plaintiff Rodney Parker filed this claim against defendants Diamond Offshore Drilling and Diamond Offshore Management Company under the Jones Act after he slipped and fell on the floor of a drilling rig. Parker alleges that he injured his left knee in

the fall due to the negligence of the defendants and/or the unseaworthiness of the ship, "Ocean Saratoga," on which he served as a roughneck.  Specifically, Parker alleges that the rig floor was unstable and unnecessarily cluttered and that the backup tongs he was moving were insufficiently counterweighted.  He asserts that he tripped and fell on the unsafe floor and the insufficiently counterweighted tongs landed on his knee.

Plaintiff has proffered expert testimony from Neal Adams, a registered professional engineer with over 34 years of oil industry experience.  Adams has authored 75 professional journal articles, seven books, and four manuals, all relating to offshore drilling operations.  Adams' expert report contains eight opinions, some of which relate to the safe operation of the backup tongs Parker was using on the day of the accident.  The other opinions he offers assess Parker's performance of his duties, the condition of the drill rig floor, and medical causation.

Defendants have moved to exclude or limit the testimony of Mr. Adams.  They assert that many of his opinions are outside of his expertise and that the facts alleged are so simple that an expert's testimony will not assist the trier of fact to determine whether defendants are at fault.

Defendants have proffered expert testimony from V.R. "Hoss"

Ramke.  Ramke's expert report contains a number of findings and opinions, some of which relate to the safe operation of the backup tongs Parker was using on the day of the accident.  The other findings and opinions assess Parker's performance of his duties, the credibility of Parker's testimony, describe the conditions on the day of the accident or the activities of other Diamond employees, or make conclusory statements as to the cause of Parker's injuries.

Plaintiff has moved to exclude or limit the testimony of Mr. Ramke.  He asserts that Ramke is not qualified to give expert testimony, and that "in the event this Court grants defendant's Motion in Limine to Exclude Plaintiff's expert, plaintiff requests that Mr. Ramke be excluded under the same rationale the court uses to exclude plaintiff's expert."

**II.   LEGAL STANDARD AND DISCUSSION**

Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

FED. R. EVID. 702.  The Advisory Committee Notes to Rule 702 state that "whether the situation is a proper one for the use of

expert testimony is to be determined on the basis of assisting the trier."  The Fifth Circuit has expressly recognized that expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge."  *Peters v. Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir. 1990).  In *Peters*, the plaintiff was injured while unloading machinery on an offshore supply vessel.  The Court found that expert testimony was unnecessary for the jury to assess whether it was reasonable for the plaintiff's employer to instruct employees to move equipment manually during heavy seas, whether cargo was improperly stowed, and whether diesel fuel made the deck of the boat slippery.  *Id.* at 449-50.  *See also Thomas v. Global Explorer,* LLC, 2003 WL 943645, *2 (E.D. La. 2003) (excluding expert testimony as to whether installing a rope near a ladder without other safeguards created a hazardous work environment); *Bouton v. Kim Susan Inc.*, 1997 WL 61450, *2 (E.D. La. 1997) (excluding expert testimony as to whether employer provided a clean, safe workplace and whether employer violated federal regulations and safety manual requirements when plaintiff fell while unloading pipe).

   The Fifth Circuit distinguished the facts involved in *Peters* from those in *Smith v. United Gas Pipeline Co*, 857 F.2d 1471 (5th Cir. 1988), in which the Fifth Circuit held that the trial court

improperly excluded expert testimony.

> In [*Smith*] the trial judge refused to allow the plaintiff's maritime operations expert to testify as to the reasonableness of a ship-to-ship transfer of machinery during rough seas. The plaintiff had been injured during the transfer. We reversed the exclusion of the testimony. In Smith, however, the jury was asked to gauge the reasonableness of using a ship's crane equipped with a "headache ball" and a shackle without a "tag line" while the two ships were stern-to-stern in heavy seas, taking into account the backwash caused by the propellers of both vessels. The trial judge abused his discretion in deciding that an analysis of the confluence of these factors was within the realm of the average juror's knowledge and experience.

*Peters*, 898 F.2d at 450. As to the opinions of Adams and Ramke about the safe operation of the backup tongs, the Court finds that this case more closely resembles *Smith*, and thus the testimony of experts would be helpful to the trier of fact. It is unlikely that a juror's common experience and knowledge would encompass the proper use of tongs and counterweights on a drilling rig. To the extent that Adams' and Ramke's respective testimony will explain what this equipment is, how it is used, and the safety considerations involved in using the equipment, it is relevant and should be admitted. *See Chandler v. R&B Falcon Inland, Inc.*, 2001 WL 839019, *4 (E.D. La. 2001) (finding that the average person would be unlikely to know about what backup tongs are or what they do). However, to the extent that either

5

proffered expert will offer testimony as to Parker's work history, medical causation, the extent of his injuries, the condition of the drill rig floor, the credibility of Parker's testimony or that of other witnesses, this testimony is not admissible since it is either outside the scope of their expertise or does not require an expert.

Plaintiff's argument that Ramke is no more than a "general safety expert" is belied by a cursory examination of Ramke's experience, which includes nine years as the personnel and safety director for Sea Drilling, four years as the safety director for Penrod Drilling, fourteen years as the safety manager for Teledyne Movible Offshore, and fourteen years as the owner of his own petroleum industry safety consultancy.  All of these jobs require familiarity with the safety and drilling equipment found on an offshore rig, which is the subject matter of this case. Though he earned degrees in education at some point in the past, Ramke has since had sufficient work experience to establish his expertise to offer an opinion on safety issues relating to offshore drilling.

## III. CONCLUSION

For the preceding reasons, the Court finds that portions of the proffered expert testimony of both Neal Adams and V.R. "Hoss" Ramke shall be admitted and other portions shall be excluded.

Consequently, both motions are GRANTED in part and DENIED in part.

New Orleans, Louisiana, this __23rd__ day of March, 2006.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE